## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALI ELIJAH DAVIS               :
          **Petitioner,**      :
                             :     **CIVIL ACTION NO. 17-1648**
**v.**                      :
                             :
**LAWRENCE MAHALLY, et al.,**  :
          **Respondents.**    :

## ORDER

**AND NOW,** this 8th day of November 2017, upon careful and independent consideration

of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report

and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice, to which no

objections have been filed, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**

    and without an evidentiary hearing;

3. There is no probable cause to issue a certificate of appealability[2]; and

4. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

                        **BY THE COURT:**

                        **CYNTHIA M. RUFE, J.**

---

[1] Petitioner was convicted of three counts of murder and conspiracy for his involvement in a November 2007 triple homicide. Petitioner was sentenced to three life terms without the possibility of parole. In July 2011, the Pennsylvania Superior Court affirmed, and in May 2012, the Pennsylvania Supreme Court denied review. Petitioner now seeks federal habeas relief, arguing that (1) the police violated his Fourth Amendment rights by searching his cell phone without a warrant, (2) his counsel was ineffective for failing to provide the defense expert with videotapes of his police confession, and (3) his sentences of life without parole violate the Eighth Amendment. As explained in the R&R, these claims are noncognizable, procedurally defaulted, or meritless.

[2] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).