# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI ELIJAH DAVIS : | |
|       Petitioner, : | |
| : | CIVIL ACTION NO. 17-1648 |
| v. : | |
| : | |
| LAWRENCE MAHALLY, *et al.*, : | |
|       Respondents. : | |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                                                          April 12, 2018

Petitioner Ali Elijah Davis, proceeding *pro se*, objects to the Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice, recommending that the Court deny the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For reasons stated below, the Court will overrule the objections and approve and adopt the R&R.

## I. BACKGROUND

In March 2008, Petitioner was charged with three counts each of murder, robbery, and conspiracy to commit murder and robbery, based on his involvement in a triple homicide.[1] Petitioner filed numerous pretrial motions, including a motion to suppress evidence police obtained from his cell phone. The trial court, however, denied this motion. Petitioner proceeded to trial, and in January 2010, was convicted of three counts of first-degree murder and conspiracy. He was sentenced to three consecutive life terms without parole.[2]

The Pennsylvania Superior Court and Pennsylvania Supreme Court affirmed his conviction. Petitioner then filed a petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA").[3] The PCRA court dismissed the petition in February 2014, and the Superior

---

[1] R&R at 1.

[2] *Id.* at 2.

[3] 42 Pa. Const. Stat. Ann. § 9541, *et seq.*

Court affirmed in February 2017.[4] Two months later, Petitioner timely filed this federal habeas petition.

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[5] ("AEDPA") governs habeas petitions, like the one before this Court. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6] Where the habeas petition is referred to a magistrate judge for a report and recommendation, a district court shall conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[7]

When the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court resulted in a decision: (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8]

A state court's decision is "contrary to . . . clearly established" federal law where the state court applies a rule of law that differs from the governing rule set forth in Supreme Court

---

[4] R&R at 2.
[5] 28 U.S.C. § 2254.
[6] 28 U.S.C. § 2254(a).
[7] 28 U.S.C. § 636(b)(1).
[8] 28 U.S.C. § 2254(d).

2

precedent, or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent."[9] A decision is an "unreasonable application" of clearly established law where the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[10] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[11] Instead, the application of clearly established law must be "objectively unreasonable."[12]

A petitioner faces a high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim. The prisoner bears the burden of rebutting the state court's factual findings by clear and convincing evidence.[13] Furthermore, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."[14]

### III. DISCUSSION

#### A. Alleged Fourth Amendment Violation

Petitioner objects to the R&R's finding that his Fourth Amendment claim was noncognizable and meritless.[15] In particular, Petitioner asserted that his rights under the Fourth Amendment were violated when the police searched his cell phone without a warrant.

The R&R preliminarily found that this claim was noncognizable.[16] Fourth Amendment claims are noncognizable unless the petitioner can show that "he was denied a full and fair

---

[9] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

[10] *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

[11] *Id.*

[12] *Id.*

[13] *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (internal quotations and citations omitted).

[14] *Id.* (internal quotation marks and citation omitted).

[15] Pet.'s Objections at 2-5.

3

opportunity to litigate the merits of the claim in state court."[17] Here, the R&R noted that Petitioner's Fourth Amendment claim was noncognizable because he was afforded a full and fair opportunity to litigate this claim on the merits by filing a pretrial motion to suppress this evidence, by litigating this claim at the suppression hearing held by the trial court, and by appealing the trial court's ruling on this claim to the Pennsylvania Superior Court.[18]

The R&R also found that this claim was meritless. The Fourth Amendment prohibits "unreasonable searches and seizures."[19] In light of this prohibition, the warrant requirement acts as a protection against Fourth Amendment violations by law enforcement. However, "one of the specifically established exceptions to the [warrant requirement] is a search that is conducted pursuant to consent."[20] In deciding Petitioner's motion to suppress information obtained from his cell phone, the Superior Court affirmed the trial court's holding that Petitioner voluntarily consented to give his phone to police at a time when he was not under arrest, allowing them to obtain it without a warrant.[21] The R&R correctly concluded, therefore, that Petitioner's Fourth Amendment claim was meritless.

Petitioner objects to the R&R's conclusion, arguing that the trial court's initial ruling is contrary to *Riley v. California*,[22] in which the United States Supreme Court held that "a warrant is generally required before [a cell phone search], even when a cell phone is seized incident to

---

[16] R&R at 3.

[17] *McKant v. Cameron*, No. 14-2528, 2015 WL 1540790, at *6 (E.D. Pa. Apr. 6, 2015) (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).

[18] R&R at 3-4.

[19] U.S. Const., amend IV.

[20] *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

[21] R&R at 4.

[22] 134 S. Ct. 2473 (2014).

4

arrest."[23] The R&R explained, however, that *Riley* was decided two years after Petitioner's criminal judgment became final, and the Supreme Court has not declared *Riley* retroactive.[24] Moreover, even if *Riley* were retroactive, this claim would still be meritless because the state courts determined that Petitioner consented to the taking of his cell phone, and there is no basis for this Court to disturb that finding. Thus, Petitioner's Fourth Amendment claim is noncognizable and without merit.

### B. Alleged Ineffective Assistance of Counsel

Petitioner also objects to the R&R's conclusion that Petitioner's trial counsel and PCRA counsel were not ineffective.[25] The Sixth Amendment guarantees the effective assistance of counsel "at critical stages of a criminal proceeding."[26] Ineffective assistance of counsel claims are evaluated pursuant to the two-prong test established by the Supreme Court in *Strickland v. Washington*.[27] Under *Strickland*, counsel is presumed to have acted reasonably and effectively unless a petitioner demonstrates that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the petitioner.[28] To establish deficiency, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness."[29] To demonstrate prejudice, "the petitioner must show that 'there is a reasonable probability that, but

---

[23] *Id.* at 2493.

[24] As the R&R explained, "[u]nless the Supreme Court holds 'new constitutional rules of criminal procedure' to be retroactive, no such rule will apply to already-final criminal convictions." R&R at 4 (citing *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001); *Teague v. Lane*, 489 U.S. 288 (1989)). The Supreme Court, however, has not held *Riley* to be retroactive. *See Ly v. Beard*, 652 F. App'x 550, 551 (9th Cir. 2016) ("Even if the Supreme Court did announce a 'new rule' in *Riley*, the Court has not expressly made application of the rule retroactive within one year of deciding *Riley*, nor is retroactivity necessarily dictated by the Court's previous decisions.").

[25] Petitioner's trial counsel was Brian Monahan, Esq., and his initial PCRA counsel was Christopher Brett, Esq.

[26] *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

[27] 466 U.S. 668 (1984).

[28] *Id.* at 687.

[29] *Porter v. McCollum*, 558 U.S. 30, 38 (2009) (quoting *Strickland*, 466 U.S. at 688).

5

for counsel's unprofessional errors, the result of the proceeding would have been different.'"[30]
For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.[31]

Here, the R&R carefully reviewed Petitioner's ineffectiveness claims and concluded that they were procedurally defaulted and meritless. First, the R&R noted that Petitioner's ineffectiveness claims were procedurally defaulted because he failed to timely raise them in the PCRA proceedings, and he no longer had the right to assert these claims under the PCRA limitations period.[32] Second, the R&R explained that the claims were without merit.

The R&R found Petitioner's claim that trial counsel was ineffective in failing to provide Dr. Dattilio with a video of Petitioner's confession was meritless, because counsel provided Dr. Dattilio with sufficient resources to evaluate Petitioner's mental capacity. For example, the R&R notes that Dr. Dattilio was able to conduct a psychological evaluation of Petitioner, wrote a report on his evaluation of Petitioner, and testified at the penalty phase of the trial on behalf of Petitioner.[33] Moreover, the PCRA court viewed the video of Petitioner's confession and found that it was "implausible that any reasonably disinterested observer who has reviewed the recorded interviews would reach a conclusion that [Petitioner] is anything but above-average with regard to his intellectual abilities."[34] The R&R correctly concluded that counsel cannot be ineffective for failing to provide this videotaped confession to Dr. Dattilio as this claim lacks merit.

---

[30] *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (quoting *Strickland*, 466 U.S. at 694).

[31] *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004).

[32] R&R at 5.

[33] *Id.* at 6.

[34] *Id.* (citation omitted).

The R&R also found Petitioner's claim that trial counsel was ineffective in failing to raise a diminished capacity defense based on Petitioner's intoxication was meritless, because such a defense was incompatible with the innocence defense counsel asserted at trial. A diminished capacity defense based on voluntary intoxication is "extremely limited" and is "available only to those defendants who admit criminal liability but contest the degree of culpability based upon an inability to formulate the specific intent to kill."[35] "If a defendant does not admit that he killed the victim, but rather advances an innocence defense, then evidence on diminished capacity is inadmissible."[36] The R&R determined this claim lacked merit because counsel testified at the PCRA hearing on his decision to use an innocence defense based on what Petitioner had told him. Specifically, counsel testified that he "came up with the strategy based on what [Petitioner] had revealed to me, which was [that] he was not inside the building where the homicide[s] occurred . . . so my whole theory of the case was [that] he was not in the house, and, therefore, was not part of the crime."[37] Petitioner cannot show counsel was ineffective for pursuing this strategy.[38]

Finally, the R&R found Petitioner's claim that PCRA counsel was ineffective for failing to raise the above-mentioned trial counsel ineffectiveness claims was unpersuasive, because the underlying trial counsel claims lacked merit. A petitioner may overcome procedural default and establish PCRA counsel's ineffectiveness for failing to raise a trial counsel ineffectiveness claim,

---

[35] *Commonwealth v. Hutchinson*, 25 A.3d 277, 312 (Pa. 2011).

[36] *Id.*

[37] R&R at 7 (citation omitted).

[38] The R&R also explains that "a successful diminished capacity defense based on involuntary intoxication only lowers first-degree murder to third-degree murder." R&R at 7 (citing *Hutchinson*, 25 A.3d at 312). Trial counsel negotiated with the Commonwealth to allow Petitioner to plead guilty to third-degree murder for the triple murder, "plus a fourth murder of which [Petitioner] was accused (and ultimately pled guilty)." *Id.* at 7. The R&R submits that Petitioner chose to reject the plea deal, and trial counsel "cannot be ineffective for failing to argue a defense that would have resulting in an outcome that [Petitioner] had rejected as part of a guilty plea." *Id.*

but the petitioner must "demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that . . . the claim has some merit."[39] The R&R correctly determined that, because the trial counsel ineffectiveness claims lacked merit, Petitioner cannot sustain this claim. This Court agrees with the R&R that Petitioner's ineffectiveness claims are procedurally defaulted and without merit.[40]

IV. CONCLUSION

In conclusion, Petitioner's objections to the R&R are overruled. Petitioner has not made a "substantial showing of the denial of a constitutional right,"[41] and a certificate of appealability should not issue. There is no basis to conclude that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[42] An appropriate order follows.

---

[39] *Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (citation omitted).

[40] In the habeas petition, Petitioner also argued that his sentence was unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." *Id.* at 465 (internal quotation marks omitted). The Court also held that *Miller* was retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016). The R&R accurately noted, however, that *Miller* does not apply to Petitioner because he was 20 years old at the time the crimes were committed. Petitioner does not object to the R&R's conclusion, but "reserves the right to re-visit [this claim] should some new developments" in *Miller* occur that may apply to him. Pet.'s Objections at 10.

[41] *See* 28 U.S.C. § 2253(c)(2).

[42] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and citation omitted).